UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,

    Plaintiff,

Case No.: 00-6168-CR-FERGUSON

vs.

JEAN DUFRALESSI
f/k/a JEAN DUFRESNE, et al.

<u>DEFENDANT'S OBJECTIONS TO
PRESENTENCE REPORT AND
ADDENDUM AND INCORPORATED
MEMORANDUM OF LAW</u>

    Defendant.
_____/

    COMES NOW your Defendant, JEAN DUFRALESSI (hereinafter "DUFRALESSI"), by and through his undersigned attorney, and files these Objections to the Presentence Investigation Report (including addendum) (hereinafter "PSR") and Incorporated Memorandum of Law, stating as follows:

<u>PLEA AGREEMENT</u>

    DUFRALESSI is one of seven persons charged in the pending eleven count criminal indictment. DUFRALESSI is clearly a minor participant. DUFRALESSI acknowledged his involvement and participation prior to the return of the Indictment, and has been truthful and cooperative with law enforcement officers during this process. The activities of DUFRALESSI, as they relate to the objects of this conspiracy, were directed by the principals of the conspiracy. DUFRALESSI was presented with a plea agreement by the government, which plea agreement, without change, was accepted and agreed to. That agreement in executed form was presented to the Court on September 5, 2000 in conjunction with DUFRALESSI'S change of plea. There are two items having to do with the plea agreement which are relevant to this response, which are as follows:



LAW OFFICES STEVEN M ROSEN
5601 BISCAYNE BOULEVARD, MIAMI, FLORIDA 33137 • TEL (305) 758 3100 FAX (305) 756 7105

CASE NUMBER: 00-6168-CR-FERGUSON

1.  Paragraph 8.b. <u>Role in the Offense</u>, provides that DUFRALESSI should receive a two level decrease as a minor participant in the offense pursuant to USSG §3B1.2(b).

2.  This plea agreement was prepared by the office of the United States Attorney with the assistance of the law enforcement officers that participated in its investigation and prosecution. This plea agreement does not consider or suggest a two level increase for "more than minimal planning" as contemplated by USSG §2F1.1(b)(2)(A).

<u>ROLE IN THE OFFENSE</u>

DUFRALESSI objects to the refusal of the PSR to include a two level decrease as a minor participant in the offense, pursuant to USSG §3B1.2(b). As set forth above, the plea agreement provides that the government will recommend that DUFRALESSI receive this two level reduction. In reaching its decision, the PSR, after providing some indication as to the activities of DUFRALESSI, simply states that no role adjustment is warranted.

DUFRALESSI takes issue with certain of the factual statements set forth in paragraph 26 of the PSR, as certain items are stated in general terms and do not consider the actual extent of involvement. By example, the falsifying of verifications of employment refers to DUFRALESI'S receipt from COHEN of monetary figures in certain application forms. DUFRALESSI, when requested, typed this information onto these forms and gave them to "employers." These individuals for the most part were not known by DUFRALESSI, but rather were sent by COHEN to receive this documentation. DUFRALESSI did, however, assist on a couple of occasions in having persons known to him act

2

CASE NUMBER: 00-6168-CR-FERGUSON

as "employers" of loan applicants. However, this occurred in less than a handful of occasions, and even when this did occur, the involvement of DUFRALESSI was minimal. DUFRALESSI has admitted purchasing cashier's checks at the direction of COHEN and/or SILVERMAN, but again, this occurring in a handful of situations (and at the specific request and direction of either COHEN or SILVERMAN). It is noteworthy that the PSR states that none of the homes wherein DUFRALESSI was involved is in foreclosure, and that therefore DUFRALESSI has no responsibility for financial restitution.

The Sentencing Guideline Commentary concerning USSG §3B1.2 is instructional. Application Note 3 states that for purposes of 3B1.2(b), a minor participant means any participant who is less culpable than most other participants, but whose role could not be described as minimal. The facts of this case are such that DUFRALESSI qualifies for this role reduction. The PSR considers the two principals of the indictment, COHEN and SILVERMAN. As to each, it is suggested within the PSR that they receive a four level increase as to their role in the offense (paragraphs 21 and 22). Co-defendants HOLLANDER and HEYDER are each attorneys, and were owners of title insurance companies that served as closing agents, as well providing title insurance policies concerning the real estate transactions which are the subject of the indictment. Their involvement is significant (paragraphs 23 and 24).

LINDOR'S involvement is set forth as being significant and supervisory, and resulting in a proposed three level role in the offense increase (paragraph 25). The final individual contained in the indictment is SALTZ, who is said to have provided false pay stubs concerning one hundred twenty one loans, concerning which eight foreclosures have been filed, with stated losses being $265,896.98. The total loss amount attributed to SALTZ in the PSR, including

3

CASE NUMBER: 00-6168-CR-FERGUSON

the "flip" amounts is stated as being significantly higher than that of DUFRALESSI (paragraph 27). The two level downward adjustment for DUFRALESSI for his minor role in the offense is appropriate.

<u>USSG §2F1.1(b)(2)(A)</u>

The PSR seeks to assess a two level increase in pursuance with USSG §2F1.1(b)(2)(A), which section provides that if the offense involved more than "minimal planning," a two level increase may be assessed. There is no provision or consideration of this adjustment in the plea agreement. Based upon the nature and extent of involvement by DUFRALESSI, such an increase is inappropriate and should not be assessed.

More than minimal planning is defined in the application notes to USSG §1B1.1. Specifically Application Note 1.(f), which defines more than minimal planning, as more planning than is typical for commission of the offense in simple form. The use of this adjustment may be appropriate for the principals (organizers, managers or supervisors) of this criminal enterprise, but not as to DUFRALESSI. It may be appropriate for those individuals that conceived of the plan, carried out the plan, directed others in the objects of the conspiracy, etc. More than minimal planning should be attributed to those persons charged with the responsibility of planning the events which are the object of the conspiracy. There are an acknowledgment and characterization of the involvement of DUFRALESSI in the PSR. The PSR states that DUFRALESSI was not an organizer, leader, manager, or supervisor of one or more other participants (etc.). In fact, as previously argued and acknowledged by the government, DUFRALESSI was a minor participant, who

4

CASE NUMBER: 00-6168-CR-FERGUSON

was less culpable than most others (all others within the indictment). As such, an adjustment under USSG §2F1.1(b)(2)(A) is objected to as inappropriate. A viewing of the relevant portions of the PSR is consistent with this position.

In United States v. Daniels, 148 F.3d 1260 (11th Cir. 1998), the Court considered issues as to what conduct and actions are subject to enhancement for more than minimal planning. It is the position of DUFRALESSI that case law looks to those with a supervisory role, or, at minimum, those with knowledge as to the nature and circumstances of the conspiracy, as a requisite to applying this enhancement. In United States v. Daniels, 148 F.3d 1260 (11th Cir. 1998), a "more than minimal planning" enhancement was assessed, wherein the defendant was the person that committed the embezzlement of funds and himself received the benefit.

In United States v. Tapia, 59 F.3d 1137 (11th Cir. 1995), the Court considered a role adjustment for more than minimal planning. The Court stated that the three circumstances under which more than minimal planning exists are if the defendant undertook more planning than is typical for commission of the offense in a simple form, if significant affirmative steps were taken to conceal the offense, or, in any case involving repeated acts over a period of time, unless it is clear that each instance was purely opportune. The Court stated that this enhancement is usually applied to sophisticated crimes or offenses requiring repeated acts over a period of time. In Tapia as in this case, DUFRALESSI did not formulate a sophisticated plan or an elaborate scheme. DUFRALESSI did not take steps to conceal the crime. The quid pro quo was that DUFRALESSI would be contacted by SILVERMAN or COHEN and told what to do and when to do it. The knowledge and involvement of DUFRALESSI were as to certain minor elements of a

5

CASE NUMBER: 00-6168-CR-FERGUSON

portion of the fraudulent acts undertaken by COHEN and/or SILVERMAN. It is the contention of DUFRALESSI that in each instance, his involvement was purely opportune (Tapia at 1143).

In United States v. Reetz, 18 F.3d 595 (8th Cir. 1994), the Court, in looking at its requirements for a more than minimal planning assessment, stated that such enhancement increases punishment where the defendant has evidenced planning and forethought, showing a disregard for the rule of law. Reetz at 599. The facts of this case are contrary to the attribution of planning and forethought to DUFRALESSI, and to his knowledge of the carrying out of the fraudulent acts.

As the PSR seeks to challenge the content of the plea agreement, it is appropriate that additional issues and case law be raised and cited. In United States v. Tatum, 138 F.3d 1344 (11th Cir. 1998) at 1346, the Court in considering the appropriate sentencing guideline for fraud, fraudulent loan applications and contract procurement cases, stated that the "loss" is the actual loss to the victim, or if the loss has not yet come about, the expected loss. As concerns each of the subject properties, two transactions occurred. DUFRALESSI was involved in a portion of some of the first transactions, wherein a seller sold a parcel of real property to either COHEN or SILVERMAN (by their corporations). DUFRALESSI was not involved in the second transaction, wherein the "flip" occurred. As the PSR states, none of the homes wherein DUFRALESSI was involved is the subject of a foreclosure proceeding (going on to state that DUFRALESSI is not responsible for restitution). In Tatum, the Court stated that if the District Court finds that there is no actual loss and no intended loss, then there should be no enhancement of the base offense level on account of the amount of the losses (Tatum at 346).

6

CASE NUMBER: 00-6168-CR-FERGUSON

### ADDENDUM TO PRESENTENCE REPORT

Defendant's counsel has been provided with the Revised Presentence Investigation Report. This addendum confirms that the disputed issues have not been resolved.

### CERTIFICATE OF MAILING

I HEREBY CERTIFY that a true and correct copy of the foregoing was forwarded via U.S. Mail to Jeffrey Kaplan, Esq., 500 E. Broward Blvd. 7th Floor, Ft. Lauderdale, Florida 33394 and to Ms. Georgann Stanley, United States Probation Officer, 299 E. Broward Blvd., Room 409, Ft. Lauderdale, Florida 33301 on this 7th day of November, 2000.

LAW OFFICES OF STEVEN M. ROSEN
Attorney for JEAN DUFRALESSI
5601 Biscayne Boulevard
Miami, Florida 33137
Telephone (305) 758-3100

STEVEN M. ROSEN, ESQ.
Florida Bar Number: 138877

crim\dufralessi\object.presen.adden

7